Model Plan  
11/22/2013

Trustee: ☐ Marshall ☐ Meyer  
■ Stearns ☐ Vaughn

11/08/17 8:19AM

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. **17-23068** |
| | ) | |
| **Robert R. Ladd** | ) | |
| | ) | |
| Debtors. | ) | Modified Chapter 13 Plan, dated 11/8/17 |

■    A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is __1__; (b) their ages are __Debtor__; (c) total household monthly income is $ __2,870.00__; and (d) total monthly household expenses are $ __2,620.00__, leaving $ __250.00__ available monthly for plan payments.

2. The debtor's Schedule J includes $ __N/A__ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for __N/A__ months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __375.00__ monthly for __36__ months [and $ ____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __13,500.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **10.00**% of plan payments; and during the initial plan term, totaling $ __1,350.00__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: **ONEMAIN**        Collateral: **2012 Ford Focus 112,000 miles**
Amount of secured claim: $ **6,818.44** APR **6** %    Fixed monthly payment:$ **142.11** ;
Total estimated payments, including interest, on the claim: $**7,815.79**. ■ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **7,815.79** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **4,000.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **360.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than **10** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) $ 13,500.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
 (a) Trustee's fees $ 1,350.00
 (b) Current mortgage payments $ 0.00
 (c) Payments of other allowed secured claims $ 7,815.79
 (d) Priority payments to debtor's attorney $ 4,000.00
 (e) Payments of mortgage arrears $ 0.00
 (f) Payments of non-attorney priority claims $ 360.00
 (g) Payments of specially classified unsecured claims $ 0.00
 (h) Total *[add Lines 2a through 2g]* $ 13,525.79

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* $ -25.79

(4) Estimated payments required after initial plan term:
 (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) $ 18,839.00
 (b) Minimum GUC payment percentage 10 %
 (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* $ 1,883.90
 (d) Estimated interest payments on unsecured claims $ 0.00
 (e) Total of GUC and interest payments *[add Lines 4c and 4d]* $ 1,883.90
 (f) Payments available during initial term *[enter Line 3]* $ -25.79
 (g) Additional payments required *[subtract Line 4f from Line 4e]* $ 1,909.69

(5) Additional payments available:
 (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee $ 337.50
 (b) Months in maximum plan term after initial term 24
 (c) Payments available *[multiply line 5a by line 5b]* $ 8,100.00

4

**Section I.**  ☐ A check in this box indicates that the debtor consents to immediate entry of an order
*Payroll*     directing the debtor's employer to deduct from the debtor's wages the amount specified in
*Control*     Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a
              joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**   **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____   Date _____

**Debtor's Attorney**   /s/ David M. Siegel                             Date  November 8, 2017

*Attorney Information*   David M. Siegel
*(name, address,*        David M. Siegel & Associates
*telephone, etc.)*       790 Chaddick Drive
                         Wheeling, IL 60090
                         (847) 520-8100

**Special Terms** *[as provided in Paragraph G]*

  1. Debtor shall tender any non-exempt funds received from his/her personal injury claim/lawsuit against KC General Store to the trustee. Said proceeds shall be added to the total amount which must be paid by debtor to trustee pursuant to Sections D and E(8) to complete his/her plan.

  2. Debtor shall tender any non-exempt funds received from his/her personal injury claim/lawsuit (Slip and Fall) to the trustee. Said proceeds shall be added to the total amount which must be paid by debtor to trustee pursuant to Sections D and E(8) to complete his/her plan.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                  Case No. 17-23068-PSH
Robert R. Ladd                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: ahamilton           Page 1 of 2            Date Rcvd: Nov 09, 2017
                              Form ID: pdf003           Total Noticed: 50

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 11, 2017.
```
db            +Robert R. Ladd,    Po Box 233,    Braidwood, IL 60408-0233
25880303      +AMEX,    Attn: Bankruptcy Department,    PO Box 297871,    Fort Lauderdale, FL 33329-7871
25880302       AMEX,    Bankruptcy Department,    PO Box 981535,    El Paso, TX 79998-1535
26113379       American Express Centurion Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                Malvern PA 19355-0701
25880304      +Barclay Bank,    PO BOX 60517,    City of Industry, CA 91716-0517
25880305      +Bc Services Inc,    550 Disc Dr,    Longmont, CO 80503-9343
25880308     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: Capital One,     15000 Capital One Dr,    Richmond, VA 23238)
25880306       Cap One,    Bankruptcy Dept.,    PO Box 30285,    Salt Lake City, UT 84130-0285
25880307      +Capital 1 Bank,    Attn: General Correspondence,    Po Box 30285,    Salt Lake City, UT 84130-0285
25880310       Capital One Bank, N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
25880311      +Cash Store,    1701 N. Larken Avenue,    Crystal, IL 60403-1971
25880312       Centura Health/St. Anthony Central,     8140 South Holly Street,    Littleton, CO 80122-4004
26184317      +Clerk of the Circuit Court,    Child Support Division,    28 N. Clark St., Room 200,
                Chicago, IL 60602-2784
25880315      +Creditors Discount & A,    415 E Main St,    Streator, IL 61364-2927
25880316     ++EMERGENCY MEDICINE PHYSICIANS OF WILL COUNTY LLC,     PO BOX 18922,    BELFAST ME 04915-4084
               (address filed with court: Emp of Will County, LLC,     PO Box 637527,
                Cincinnati, OH 45263-7527)
25880319      +First Choice Loan,    1513 Sibley Blvd,    Branch #487,    Calumet City, IL 60409-2303
25880320      +Genesis Bankcard Service,    PO Box 4499,    Beaverton, OR 97076-4499
25880321       Indigo Bankcard Services,    P.O. Box 4499,    Beaverton, OR 97076-4499
25880322      +Joliet Fire Department,    101 E Clinton Street,    Joliet, IL 60432-4137
25880325      +National Service Bureau, Inc.,    18912 North Creek Parkway,    Suite 205,
                Bothell, WA 98011-8016
25880327       ONEMAIN,    230 Randall Road,    South Elgin, IL 60177-2274
25880328       Pay Day Loan,    724 W Washington Blvd,    Suite 1,    Chicago, IL 60661-2106
25880329      +Personal Finance Compa,    100 W Commercial St Ste,    Morris, IL 60450-1473
25880330      +Phoenix Financial Serv,    8902 Otis Ave Ste 103a,    Indianapolis, IN 46216-1009
25880331      +Professional Emergency Physician As,     777 Hennessy Blvd,    Baton Rouge, LA 70808-4300
26166052      +QC Financial Services, Inc.,    dba First Choice Loans,    407 W. Lincoln Hwy,
                Chicago Heights, IL 60411-2464
25880332       Rezin Orthopedics Center Sc:,    1051 US-6, #100,    Morris, IL 60450
25880334      +St. Joseph Hosiptal,    333 N Madison,    Joliet, IL 60435-8200
25880335      +Str Onzd Fcu,    901 N Shabbona St,    Streator, IL 61364-2058
25880337      +Telerecovery,    3800 Florida Ave,    Kenner, LA 70065-3034
25880338      +University Of Utah Healthcar,    50 North Medical Drive,    Salt Lake City, UT 84132-0001
25880339      +Wendover Ambulance,    427 Mesa St,    West Wendover, NV 89883-3809
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
26178432      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 10 2017 02:00:35     Centura Health,
               by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
25880313      +E-mail/PDF: creditonebknotifications@resurgent.com Nov 10 2017 01:36:33     Credit One,
               Bankrupcty Department,    PO Box 98873,    Las Vegas, NV 89193-8873
25880314      +E-mail/PDF: creditonebknotifications@resurgent.com Nov 10 2017 01:36:10     Credit One Bank Na,
               Po Box 98875,    Las Vegas, NV 89193-8875
25880318       E-mail/Text: bnc-bluestem@quantum3group.com Nov 10 2017 01:44:03     FINGERHUT/WEBBANK,
               6250 Ridgewood Rd.,    Saint Cloud, MN 56303-0820
25880317       E-mail/Text: bnc-bluestem@quantum3group.com Nov 10 2017 01:44:03     Fingerhut,   PO Box 1250,
               Saint Cloud, MN 56395-1250
25880320      +E-mail/Text: GenesisFS@ebn.phinsolutions.com Nov 10 2017 01:44:54     Genesis Bankcard Service,
               PO Box 4499,    Beaverton, OR 97076-4499
25880321       E-mail/Text: GenesisFS@ebn.phinsolutions.com Nov 10 2017 01:44:54     Indigo Bankcard Services,
               P.O. Box 4499,    Beaverton, OR 97076-4499
26117946       E-mail/PDF: resurgentbknotifications@resurgent.com Nov 10 2017 01:36:42
               LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
26122014       E-mail/Text: bkr@cardworks.com Nov 10 2017 01:41:17     MERRICK BANK,
               Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
25880323      +E-mail/Text: bkr@cardworks.com Nov 10 2017 01:41:17     Merrick Bank,
               10705 S. Jordan Gtwy Ste. 200,    South Jordan, UT 84095-3977
25917598      +E-mail/Text: mwilkey@midstatecollections.com Nov 10 2017 01:43:24
               Midstate Collection Solutions, INC,    P.O. Box 3292,    Champaign, IL 61826-3292
25880324      +E-mail/Text: mwilkey@midstatecollections.com Nov 10 2017 01:43:24     Midstatecoll,
               Po Box 3292,    Champaign, IL 61826-3292
25942161       E-mail/PDF: cbp@onemainfinancial.com Nov 10 2017 01:36:05     ONEMAIN,    PO BOX 3251,
               EVANSVILLE IN 47731-3251
25929404       E-mail/PDF: cbp@onemainfinancial.com Nov 10 2017 01:36:05     ONEMAIN FINANCIAL OF IL INC,
               ONEMAIN,    P.O. BOX 3251,    EVANSVILLE, IN 47731-3251
25880326      +E-mail/PDF: cbp@onemainfinancial.com Nov 10 2017 01:36:05     Onemain,    Po Box 1010,
               Evansville, IN 47706-1010
```

```
District/off: 0752-1           User: ahamilton              Page 2 of 2                  Date Rcvd: Nov 09, 2017
                               Form ID: pdf003              Total Noticed: 50
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
26114715         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 10 2017 01:48:18
                  Portfolio Recovery Associates, LLC,    Successor to CAPITAL ONE BANK (USA),N.A.,
                  (CAPITAL ONE BANK, N.A.),    POB 41067,    Norfolk, VA 23541
25896770        +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 10 2017 01:48:23     Presence Health,
                  by American InfoSource LP as agent,    4515 N. Santa Fe Ave,   Oklahoma City, OK 73118-7901
25880333         E-mail/PDF: cbp@onemainfinancial.com Nov 10 2017 01:36:47     Springleaf Financial S,
                  2149 W Jefferson St,    Joliet, IL 60435
25880336         E-mail/PDF: gecsedi@recoverycorp.com Nov 10 2017 01:36:27     SYNCB/WALMART,   PO Box 965024,
                  Orlando, FL 32896-5024
25884732        +E-mail/PDF: gecsedi@recoverycorp.com Nov 10 2017 01:36:07     Synchrony Bank,
                  c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 20

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
25880309*       ++CAPITAL ONE,   PO BOX 30285,   SALT LAKE CITY UT 84130-0285
                 (address filed with court:   Capital One Bank Usa,   15000 Capital One Dr,   Richmond, VA 23238)
                                                                                                TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 11, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 8, 2017 at the address(es) listed below:
              David M Siegel    on behalf of Debtor 1 Robert R. Ladd davidsiegelbk@gmail.com,
               davidmsiegel@hotmail.com;R41057@notify.bestcase.com;johnellmannlaw@gmail.com
              Glenn B Stearns    mcguckin_m@lisle13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 3
```